**UNITED REPORTING PUBLISHING CORPORATION, a California corporation, Plaintiff–Appellee,**

v.

**CALIFORNIA HIGHWAY PATROL, Defendant,**

and

**Los Angeles Police Department, Defendant–Appellant.**

**No. 97–55111**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2000

Filed Nov. 1, 2000

Before: FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

### ORDER

On remand from the Supreme Court, we further remand this First Amendment commercial speech case to the district court for further development of the record.

I

This appeal arises from the California state legislature's amendment of California Government Code § 6254(f), a provision governing the dissemination of arrestees' names and addresses. The legislature's July 1, 1996, amendment restricted those who could receive such information only to

individuals or to groups willing to declare under penalty of perjury that they had no intention of using the information commercially. United Reporting Publishing Corporation ("United Reporting") challenged this amendment, and the district court struck it down as unconstitutional. We affirmed the district court. The Supreme Court reversed.

## II

The Supreme Court determined that the statutory provision at issue in this appeal is not susceptible to a facial constitutional challenge. *See Los Angeles Police Department v. United Reporting Publishing Corp.*, 528 U.S. 32, 120 S.Ct. 483, 488, 145 L.Ed.2d 451 (1999). The Court, at the same time, made clear that several other grounds for judicial review remain open. *See id.* at 490. One such alternative ground is an as-applied challenge.

With the case now back within our jurisdiction, we must consider whether it is both permissible and desirable for us to render a decision on the basis of the as-applied challenges to the amendment. We conclude that the prudent course is to remand to the district court to develop the record further and to make specific findings relating to the as-applied challenges. It may be that United Reporting will be unable to prevail on an as-applied challenge without first applying for the information it desires with a detailed declaration of the manner in which it intends to use the information or a declaration indicating that it will use the information for journalistic purposes, or both, with the latter based upon the former. In any event, we remand the matter to the district court for further proceedings consistent with the opinion of the Supreme Court and this order.

REMANDED.